UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILANDER PHILIPPEAUX,

    Plaintiff,

    v.

MERRICK GARLAND,

    Defendant.

Civil Action No. 23-810 (JEB)

## MEMORANDUM OPINION

Plaintiff Philander Philippeaux, appearing *pro se*, is a federal prisoner held at FCI Coleman Low in Florida. See ECF No. 2 (Compl.) at 1. He alleges that he is falsely imprisoned there and asks this Court for injunctive relief to secure his release. The Court will dismiss this action pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's case against governmental defendants if the court determines that the complaint fails to state a claim upon which relief may be granted or is frivolous.

Plaintiff's Complaint arises from his jury convictions in the U.S. District Court for the Southern District of Florida for counts related to drug trafficking. See Phlilippeaux v. United States, 2020 WL 1325408, at *1–*3 (S.D. Fl. Jan. 7, 2020). He brings this action against the Attorney General, Merrick Garland, alleging myriad fantastical claims, including that a grand jury failed to actually issue an indictment against him, that he is falsely imprisoned, and that he was subject to malicious prosecution in the course of an alleged coverup to protect members of the U.S. Attorney's office. See Compl. at 1–3. Plaintiff seeks declaratory and injunctive relief to release him from his allegedly false imprisonment and to acknowledge that the grand jury never issued an indictment against him. Id. at 4.

In Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), the Supreme Court held that when a successful challenge to a criminal conviction would necessarily imply the invalidity of the conviction or sentence, the plaintiff cannot bring a civil action for damages without first invalidating the conviction through a sanctioned proceeding.  The D.C. Circuit clarified that Heck also applies to lawsuits, such as this, for equitable relief.  Harris v. Fulwood, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005)).  Because Plaintiff's success on the current Complaint would raise serious questions about the validity of his convictions, his claims "are not cognizable unless and until he meets the requirements of *Heck*."  Id.  Consequently, this case will be dismissed by separate order.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: April 3, 2023